# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
RANDAL R. LEONARD, BAR NO. 6716.

No. 75336

**FILED**

NOV 1 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER REJECTING CONDITIONAL GUILTY PLEA AND REMANDING

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea in exchange for a stated form of discipline for attorney Randal R. Leonard. Under this agreement, Leonard admitted to violations of RPC 8.1 (bar admission and disciplinary matters) and RPC 8.4(a) (misconduct). The agreement provides for a six-month-and-one-day suspension, stayed for twelve months, as well as other specified conditions, and payment of $2,500 in fees plus the actual costs of the disciplinary proceedings.

Leonard has admitted to the facts supporting the violations. The record therefore establishes that Leonard failed to fully cooperate with disciplinary proceedings that were initiated after a client grievance was lodged alleging competence and diligence issues. Leonard failed to respond to numerous letters of investigation from the Bar and also violated the mentoring and payment-of-costs conditions of his public reprimand in Bar Case No. SG14-0027.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual

18-904528

injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). In this case, Leonard knowingly violated duties owed to the profession by not cooperating with the disciplinary investigation and violating the terms of his public reprimand. Leonard's failure to cooperate in the Bar's investigation caused actual injury to the integrity of the profession, which depends on a self-regulating disciplinary system.

The baseline sanction for the misconduct at issue, before considering aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.2 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."); *see also id.* at Standard 8.2 ("Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further similar acts of misconduct that causes injury or potential injury to a client, the public, the legal system, or the profession."). Turning to the aggravating and mitigating circumstances, we conclude that the agreed-upon discipline gives insufficient consideration to the aggravating circumstances and affords credit for mitigating circumstances that are not consistent with the record. As to the three agreed-upon aggravating circumstances (prior disciplinary offenses, pattern of misconduct, and substantial experience in the practice of law), Leonard's prior disciplinary history involved misconduct similar to that admitted here—most notably his failure to cooperate with prior disciplinary investigations. As to the four agreed-upon mitigating circumstances (absence of a dishonest or selfish

motive, character or reputation, imposition of other penalties or sanctions, and remorse), it is unclear that any other penalties or sanctions were imposed for the admitted misconduct. For these reasons, we are not convinced that the agreed-upon discipline is sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Thus, we reject the conditional guilty plea agreement and remand this matter for further proceedings. *See* SCR 113(1) ("The tendered plea is subject to final approval or rejection by the supreme court if the stated form of discipline includes disbarment or suspension.").

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                  Gibbons

_____, J.          _____, J.
Pickering                               Hardesty

_____, J.          _____, J.
Parraguirre                             Stiglich

cc:   Chair, Southern Nevada Disciplinary Board
      Bar Counsel, State Bar of Nevada
      Michael J. Warhola, LLC
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Office, U.S. Supreme Court

